[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff seeks the return of a sixteen inch pearl necklace from the defendant. By application dated December 13, 1999, the plaintiff sought a prejudgment remedy in the form of a replevin of the necklace. The parties submitted offers of proof, and on May 8, 2000 a hearing was held.
 In Connecticut, replevin proceeds are governed by statute rather than by the rules that apply to common-law CT Page 6501 actions of replevin. Section 52-515 provides that "[t]he action of replevin may be maintained to recover any goods or chattels in which the plaintiff has a general or special property interest with a right to immediate possession and which are wrongfully detained from him in any manner, together with the damages for such wrongful detention."
(Citations omitted.) Cornelio v. Stamford Hospital, 246 Conn. 45, 49 (1998).
Thus, in order for the plaintiff here to replevin the necklace, he must establish that he has a property interest in the necklace, that he has the right to immediate possession and that the defendant has wrongfully detained the necklace.
 The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiffs claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. . . . The court's role in such a hearing is to determine probable success by weighing probabilities." Moreover, this weighing process applies to both legal and factual issues.
(Citations omitted; internal quotation marks omitted.) Bank of BostonConnecticut v. Schlesinger, 220 Conn. 152, 156 (1991).
Further, this court "must determine, in light of its assessment of the legal issues and the credibility of the witnesses, whether a plaintiff has sustained the burden of showing probable cause to sustain the validity of his claim." Id., 157. In addition to the statutory requirements under General Statute § 52-278c et seq., the plaintiff in this replevin application is required to submit an affidavit as to the value of the necklace and to submit a bond equal to twice the value. General Statute § 52-518.
The court heard testimony from each party and a witness called by the defendant. One exhibit was submitted. Based upon the probative and credible evidence, the court finds the following facts. The plaintiff is a widower whose wife had left him a pearl necklace, which had been purchased by the couple in 1968. The necklace was appraised in 1996 to be $10,000 in value. The plaintiff submitted an affidavit averring that the present value of the necklace is $10,000. The plaintiff and the defendant began a romantic relationship sometime in June or July 1996. They discussed marriage, and some four months later, the defendant accepted CT Page 6502 the plaintiffs proposal of marriage. In October or early November 1996 the plaintiff gave a party in honor of the defendant's birthday, and, before the party, he gave the defendant the necklace and matching earrings. The parties broke up in November 1996, and neither the earrings nor the necklace were returned to the plaintiff. While the plaintiff claims he lent the necklace to the defendant to wear with the earrings, the court finds the defendant's testimony that both were a gift more credible.
Because the plaintiff has failed to sustain his burden to establish probable cause as to the validity of his claim, the application is denied.
DiPentima, J.